Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Cara Xidis, Esq.
Nevada Bar No. : 11743
H&P LAW
710 S. 9th Street
Las Vegas, Nevada 89101
702 598 4529 TEL
702 598 3626 FAX
efile@courtroomproven.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **Robert Drye** and **Jacqueline Drye**, as assignees of Leonard Joseph N. Mateo<br><br>Plaintiff,<br>vs.<br><br>**Glatfelter Claims Management, Inc**, a Delaware Company; **American Alternative Insurance Corporation**; a Delaware Company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Case No.: 2:23-cv-00943-RFB-NJK<br><br>**Proposed Discovery Plan and Scheduling Order Submitted in Compliance with LR 26-1(b)**<br><br>**Special Scheduling Review Requested** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b), Plaintiffs, Robert Drye and Jacqueline Drye, as assignees of Leonard Joseph N. Mateo, and Defendants, Glatfelter Claims Management, Inc. and American Alternative Insurance Corporation, by and through their respective counsel of record, hereby submit this Proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the preceding or next judicial day.

The Complaint in this matter was filed on April 6, 2023, in the Eighth Judicial

District Court of Clark County, Nevada. On June 16, 2023, Defendant Glatfelter Claims Management, Inc., filed a Notice of Removal [ECF Doc. 1]. On June 23, 2023, Defendant Glatfelter Claims Management, Inc., filed a Motion to Dismiss [ECF Doc. 9]. On July 31, 2023, a Stipulation and Order to Stay Discovery Pending Resolution of Motion to Dismiss was entered [ECF Doc. 18]. On February 6, 2024, the hearing on the Moton to Dismiss took place and, on March 27, 2024, an Order was entered [ECF Doc. 22].

1. **Meeting:** Counsel for the parties met and conferred as required by Fed. R. Civ. P. 26(f) on April 24, 2024, and discussed the following:

2. **Initial Disclosures:** Pursuant to FRCP Rule 26(a)(1), the parties are required to make their initial disclosures on or before May 8, 2024.

3. **Areas of Discovery:** The Parties agree that each party may conduct discovery as allowed under the Federal Rules of Civil Procedure.

4. **Discovery Cut-off Dates**: LR 26-1(b)(1) [~~LR-26(1)(E)(1)~~] provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

    a. **Discovery Cut-Off Date**: Given the stay of discovery pending the outcome of Defendants' Motion to Dismiss, the standard discovery period is not feasible as discovery would be set to have closed on December 20, 2023. As such, the parties respectfully request a 180-day discovery period beginning today. The stipulated discovery cut-off date is therefore October 21, 2024.

    b. **Amending the Pleadings and Adding Parties**: The last date for filing motions to amend the pleading or to add parties shall not be later than 90 days prior to the close of discovery. In this action, the last date for filing motions to amend the pleadings or add parties shall be July 23, 2024.

DISCOVERY PLAN AND SCHEDULING ORDER

c. **FRCP 26(A)(2) Disclosures (Experts)**: The last date for initial disclosure of expert witnesses shall be 60 days before the discovery cut-off date. Rebuttal experts shall be disclosed 30 days after initial experts are disclosed. In this action, the last date for disclosure of experts shall be August 22, 2024. Rebuttal experts shall be disclosed on or before September 23, 2024.

d. **Dispositive Motions**: The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off date. In this action, the last date for filing dispositive motions will be November 20, 2024.

e. **Pretrial Order**: The joint pretrial order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, the joint pretrial order shall be filed on or before December 20, 2024. In the event that dispositive motions are filed, the joint pretrial order shall be filed no later than 30 days after the order(s) on the dispositive motions are entered.

f. **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

g. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** ~~LR 26-4~~ LR 26-3 governs the modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made no later than 21 days before the discovery deadline sought to be extended.

h. **FRCP 26(a)(3) Disclosures**: The disclosures required by FRCP 26(a)(3), and any objections thereto shall be included in the pretrial order.

i. **Alternative Dispute Resolution:** The Parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration.

j. **Alternative Forms of Case Disposition:** The Parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, use of the Short Trial Program (General Order 2013-01).

k. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses. In addition, and in order to save the costs of printing and mailing documents, the parties agree to exchange discovery documents, including but not limited to FRCP 26 disclosures, discovery requests, responses, document production, and expert disclosures, via electronic mail. If a discovery document is too large to send via email, the parties may send such documents via a file-sharing service (DropBox, OneDrive etc.) or on a CD/DVD/thumbdrive via US Mail.

l. **FRCP 26-1(b)(9) – Presentation of Electronic Evidence for Jurors**: Pursuant to Local Rule 26-1, the parties discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberation. As the electronic presentation of evidence for jurors is likely at this time, the parties will coordinate with the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for

the Court's electronic jury evidence display system and, if possible, provide discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Dated this 24th day of April, 2024.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Ryan Gormley
_____
Ryan Gormley, Esq.
Nevada Bar No. 13494
Attorneys for Defendant,
Glatfelter Claims Management, Inc.

Dated this 24th day of April, 2024.

CLYDE & CO LLP

/s/ Dylan Todd
_____
Dylan Todd, Esq.
Nevada Bar No. 10456
Attorneys for Defendant,
American Alternative Insurance Corporation

Dated this 24th day of April, 2024.

H&P LAW

 /s/ Cara Xidis
_____
Marjorie Hauf, Esq.
Nevada Bar No.: 8111
Cara Xidis, Esq.
Nevada Bar No.: 11743
Attorneys for Plaintiffs

**Order**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 26, 2024