Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Cara Xidis, Esq.
Nevada Bar No.: 11743
H&P LAW
710 9th Street
Las Vegas, NV 89101
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| **Robert Drye** and **Jacqueline Drye**, as assignees of **Leonard Joseph N. Mateo** <br><br> Plaintiffs, <br><br> vs. <br><br> **Glatfelter Claims Management, Inc**, a Delaware Company; **American Alternative Insurance Corporation**; a Delaware Company; DOES I through X; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-00943-RFB-NJK <br><br> **Order to Amend Complaint** |

COME NOW the parties hereto, by and through their respective attorneys of record, and hereby stipulate that Plaintiff be permitted to amend the complaint to substitute Robert Drye, as Special Administrator of the Estate of Jacqueline Drye, in place and stead of Jacqueline Drye.

The proposed Amended Complaint is attached hereto as Exhibit 1.

Dated this 10th day of January, 2025.

| H&P Law | Clyde & Co US LLP |
|---|---|
| */s/ Marjorie Hauf* | */s/ Dylan Todd* |
| _____ | _____ |
| Marjorie Hauf, Esq. | Dylan Todd, Esq. |
| Nevada Bar No. 8111 | Nevada Bar No. 10456 |
| Attorney for Plaintiffs | Attorney for Defendant, American Alternative Insurance Corporation |

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC

*/s/ Ryan Gormley*

_____

Ryan Gormley, Esq.
Nevada Bar No. 13494
Attorney for Defendant,
Glatfelter Claims Management, Inc.

Plaintiffs must immediately file and serve the Amended Complaint.

**ORDER**

IT IS SO ORDERED.

Dated: January 13, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

# EXHIBIT 1

Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Matthew G. Pfau, Esq.
Nevada Bar No.: 11743
H&P LAW
710 S. 9th Street
Las Vegas, Nevada 89101
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **Robert Drye,** individually and as the Special Administrator of the **Estate of Jacqueline Drye**, as assignees of **Leonard Joseph N. Mateo**<br><br>       Plaintiff,<br>   vs.<br><br>**Glatfelter Claims Management, Inc**, a Delaware Company; **American Alternative Insurance Corporation**; a Delaware Company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>       Defendant. | Case No.: 2:23-cv-00943-RFB-NJK<br><br>**Amended Complaint** |

COME NOW, Plaintiffs, Robert Drye, individually and as the Special Administrator of the Estate of Jacqueline Drye, as assignees of Leonard Joseph N. Mateo, by and through her attorneys at the law firm of H&P Law, and hereby complain and allege as follows:

## I.

## Jurisdiction and Parties

1. At all times relevant herein, Robert Drye ("Robert") and Jacqueline Drye ("Jacqueline"), were residents of Clark County, Nevada.

2. Plaintiff, Robert, is the natural son and attorney in fact of his mother, Jacqueline.

3. Jacqueline passed away on October 24, 2024.

4. Robert was appointed the Special Administrator of the Estate of Jacqueline Drye on December 14, 2024.

5. Upon information and belief, at all times mentioned herein, Leonard Joseph N. Mateo, was a resident of the County of Clark, Nevada.

6. At all times relevant herein, Defendant, Glatfelter Claims Management, Inc. is and was at all times pertinent hereto, a Delaware Company, who is doing business in the County of Clark, State of Nevada.

7. At all times relevant herein, Defendant, American Alternative Insurance Corporation is and was at all times pertinent hereto, a Delaware Company, and doing business in the County of Clark, State of Nevada.

8. The true names and capacities of Defendants named herein as Does 1 through 10 and Roe Corporations 1 through 10, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of Does 1 through 10 and/or Roe Corporations 1 through 10 are discovered, Plaintiffs will ask leave to amend this Complaint to substitute the true names of said Defendants. Plaintiffs are informed, believe and therefore allege that Defendants so designated herein are responsible in some manner for the events and occurrences contained in this action.

## II.

## General Allegations

9. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as though the same were fully set forth herein.

10. At all times relevant hereto, Jacqueline, was a person in need of in-home personal care services for her safety and comfort.

11. On or about December 14, 2015, Robert entered into a contract with Akamai to provide non-medical, personal care to his mother, Jacqueline, under NRS 449.0021.

12. Jacqueline was an intended third-party beneficiary of the terms of the contract between Robert and Akamai.

13. Mateo was an employee of Akamai and was assigned to provide care to Jacqueline under the terms of the contract.

14. On or about December 24, 2015, Mateo was to provide in-home personal care to Jacqueline. Mateo failed to monitor Jacqueline and left Jacqueline alone in her residence. As a result of having to care for herself, because of the absence of her personal care provider, Jacqueline was severely and permanently injured.

15. On or about December 24, 2015, Mateo, as an employee of Akamai, was insured through Glatfelter Claims Management, Inc., or DOE/ROE.

16. On or about December 24, 2015, Mateo, as an employee of Akamai, was insured through American Alternative Insurance Corporation or DOE/ROE.

17. After the incident, Gladioli Dauz ("Ms. Dauz"), the owner, sole administrator and supervisor of Akamai stated in an email that she, on behalf of Akamai, was taking responsibility for the incident, caused by its caregiver, Mateo.

18. On December 13, 2016, Leonard Joseph N. Mateo was served with the Summons and the Complaint.

19. On April 6, 2017, the Clerk of the Court duly entered a Default against Mr. Mateo.

AMENDED COMPLAINT

20. On February 22, 2018, Plaintiffs filed their Application for Default Judgment against Mateo pursuant to NRCP 55(b).

21. On April 18, 2018, Plaintiffs service their three-day notice of intent to take default judgment against Mateo via U.S. mail.

22. On April 19, 2018, Plaintiff filed the three-day notice of intent to take default judgment against Mateo.

23. On June 26, 2018, Plaintiffs Application for Default Judgment and Request for NRCP 54(b) certification against Mateo, came before the courts consideration.

24. On September 5, 2018, the Court granted Plaintiffs Application for Default Judgment against Mateo in the sum of $403,820.93 for past damages with prejudgment interest thereon at the rate provided by law from December 13, 2016, until June 25, 2018, in the sum of $38,047.93; and post-judgment interest on the sum of $441,868.86 at the rate provided by law from the date of the judgment itself (September 5, 2018).

25. The judgment entered on September 5, 2018, also granted Plaintiffs' request for NRCP 54(b) Certification for Mr. Mateo.

26. On August 27, 2020, Plaintiffs filed their Application for a Judgment Debtor Examination of Mr. Mateo.

27. The Application for Judgment Debtor Examination filed August 27, 2020, was granted by the court on July 26, 2021. The Judgment Debtor, Mr. Mateo, was ordered to appear for a judgment debtor examination.

28. On February 17, 2022, Timothy Ducar took the judgment debtor exam of Mr. Mateo.

29. The Judgment Debtor examination found that Mr. Mateo was homeless, did not have a bank account, was not the beneficiary of a life insurance policy, will or trust, and owned nothing of value. The judgment was deemed uncollectible from Mr. Mateo.

30. At the Judgment Debtor examination Mr. Mateo confirmed that he worked for Akamai for one day, the day of the incident with Jacqueline.
31. This action is now brought to pursue the judgment against Mateo from Glatfelter Claims Management, Inc and American Alternative Insurance Corporation who insures Malama Ohana Group, LLC, d/b/a Akamai Senior Services for their failure to defend Mateo in the prior lawsuit and their failure to pay the judgment.
32. Mateo has assigned his rights in this matter to Plaintiffs, Jacqueline and Robert Drye.

### III.
### First Cause of Action
### (Breach of Contract Against All Defendants)

33. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as though the same were fully set forth herein.
34. Defendants' failure to defend and indemnify Mateo following the incident on December 24, 2015, was a material breach of their contract.
35. As a result of Defendants' breach of contract, Mr. Mateo incurred foreseeable consequential and incidental damages.
36. As a result of Defendants' breach of contract, Mr. Mateo was exposed to an excess judgment.
37. Mr. Mateo's contractual and extra-contractual rights of action against Defendants have been assigned to Plaintiffs, Jacqueline and Robert Drye.
38. As a result of Defendant's breach of contract, Plaintiffs, have incurred damages in excess of the minimum jurisdictional limit for this court.
39. As a further result of Defendants' actions, Plaintiffs, have been required to engage the services of H&P Law, incurring attorney's fees and costs to bring this action.

## IV.

## Second Cause of Action

## (Unfair Claims Practices in Violation of NRS 686A.31 Against All Defendants)

40. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as though the same were fully set forth herein.

41. Defendants misrepresented pertinent facts or insurance policy provisions relating to claims at issue to Mr. Mateo and/or claimants, as prohibited by NRS 686A.310(1)(a).

42. Defendants failed to acknowledge and act reasonably promptly upon communications with respect to the claim arising on December 24, 2015, concerning Mr. Mateo, as prohibited by NRS 686A.310(1)(b).

43. Defendants failed to adopt and implement reasonable standards for prompt investigation and processing of claims NRS 686A.310(c).

44. Defendants failed to effectuate a prompt, fair and equitable settlement of claims in which their liability had become reasonably clear, as prohibited by NRS 686A.310(1)(e).

45. Defendants compelled Plaintiffs to institute litigation to recover amounts due under the applicable insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the Plaintiffs, when the Plaintiffs made claims for amounts reasonably similar to the amounts ultimately recovered, as prohibited by NRS 686A.310(1)(f).

46. Defendants attempted to settle a claim made by Plaintiffs for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application, as prohibited by NRS 686A.310(1)(g).

47. Pursuant to NRS 686A.310(2), Defendants are liable for any damages sustained

by Plaintiffs as a result of its violation of the above unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, emotional distress, and attorney's fees. Furthermore, Plaintiffs are entitled to punitive damages as the above violations were done with a conscious disregard for the rights of Mr. Mateo and the Plaintiffs.

48. Mr. Mateo's contractual and extra-contractual rights of action against Defendants have been assigned to Plaintiffs, Jacqueline Drye and Robert Drye, who therefore are entitled to control and pursue these claims.

49. As a result of Defendant's breach of contract, Plaintiffs, have incurred damages in excess of the minimum jurisdictional limit for this court.

50. As a further result of Defendants' actions, Plaintiffs have been required to engage the services of H&P Law, incurring attorney's fees and costs to bring this action.

## VI.
## Third Cause of Action
**(Breach of the Covenant of Good Faith and Fair Dealing Against All Defendants)**

51. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as though the same were fully set forth herein.

52. Nevada law recognizes in every contract a covenant of good faith and fair dealing, which is a promise that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

53. Defendants breached this covenant of good faith and fair dealing by its refusal to pay the damages they are responsible for by way of their employee, Mateo, thereby exposing him to an excess judgment.

54. Defendants' refusal to evaluate and/or pay Plaintiffs' claim was done in the absence of a reasonable basis for denial and was done with Defendant's knowledge and/or reckless disregard of the lack of a reasonable basis for the

denial.

55. Defendants further breached the covenant of good faith and fair dealing by their violation of provisions of the Unfair Claims Practices Act (NRS 686A.310 et seq.), set out below; violation of which was done with Defendants' actual and/or implied knowledge.

56. In Nevada, an insurer bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability. Defendants' failure to defend Mr. Mateo following the incident of December 24, 2015, was, therefore, a breach of the covenant of good faith and fair dealing.

57. As a result of Defendants' breach of the covenant of good faith and fair dealing, Mr. Mateo incurred compensatory and expectation damages.

58. As a result of Defendants' breach of the covenant of good faith and fair dealing, Mr. Mateo incurred consequential and incidental damages.

59. Defendants' willful, wanton, malicious, reckless, oppressive, and/or fraudulent breach of the covenant of good faith and fair dealing entitle Plaintiffs to punitive damages.

60. Mr. Mateo's contractual and extra-contractual rights of action against Defendants have been assigned to Plaintiffs, Jacqueline Drye and Robert Drye, who therefore are entitled to control and pursue these claims.

61. Defendants, Glatfelter Claims Management, Inc and American Alternative Insurance Corporation, had no reasonable basis for failing to cover the claims against them as Mr. Mateo, was an employee acting within the scope of his employment when the damages occurred.

62. As a further result of Defendants' actions, Jacqueline and Robert Drye have been required to engage the services of H&P Law, incurring attorney's fees and costs to bring this action.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray for relief and damages as follows:

A. Compensatory or expectation damages for denied policy benefits, in excess of $15,000;

B. Consequential damages, including emotional distress and attorney's fees, in excess of $15,000;

C. That Plaintiffs be awarded punitive damages;

D. That Plaintiffs be awarded their costs of suit;

E. That Plaintiffs be awarded delay damages and/or pre-judgment and post-judgment interest;

F. Plaintiffs be awarded any other relief as the Court may deem proper.

Dated this ____ day of _____, 2025.   H&P Law

_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743